UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MERRIMACK MUTUAL FIRE INSURANCE COMPANY**, as subrogee of 1458 41 ST, LLC, Plaintiff, <br><br> v. <br><br> **BROAN-NUTONE, LLC**, <br> Defendant. | CIVIL ACTION NO. |

**COMPLAINT AND JURY DEMAND**

The Plaintiff, Merrimack Mutual Fire Insurance Company, as subrogee of 1458 41 ST, LLC, by and through its attorneys, states the following:

**PARTIES**

1. Plaintiff Merrimack Mutual Fire Insurance Company ("Merrimack Mutual") is a property and casualty company organized under the laws of the Commonwealth of Massachusetts with its principal place of business located at 95 Old River Road, Andover, Massachusetts, and is duly authorized to issue policies of insurance in New York.

2. Defendant Broan-NuTone, LLC ("Broan-NuTone"), is a limited liability corporation organized under the laws of the State of Delaware with its principal place of business located at 926 West State Street, Hartford, Wisconsin.

**JURISDICTION**

3. This Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. §1332(a)(1).

1

4. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5. Pursuant to 28 U.S.C. §1332(c)(1), complete diversity of citizenship exists between the Plaintiff, which is a citizen of Massachusetts, and the Defendant, which is a citizen of both Delaware and Missouri.

    a. The Plaintiff is a Massachusetts corporation with a principal place of business in Andover, Massachusetts.

    b. The Defendant is a limited liability company organized under the laws of Delaware with a principal place of business in Hartford, Wisconsin.

    c. The sole member of the Defendant limited liability company is Nortek, Inc., which is a Delaware corporation with a principal place of business in Missouri.

6. This Court has personal jurisdiction over the Defendant.

7. At all material times, Broan-NuTone was one of the world's largest manufacturers and distributors of residential ventilation products, such as the subject bathroom exhaust fan at issue in this matter, which it widely marketed and sold throughout the United States and the State of New York for consumer use.

8. At all material times, Broan-NuTone transacted business and contracted to supply goods in New York.

9. At all material times, Broan-NuTone regularly solicited business, engaged in persistent conduct, and derived substantial revenue from goods used in New York.

10. At all material times, Broan-NuTone availed itself of the privileges of conducting activities in New York.

11. Broan-NuTone's residential ventilation products, including bathroom exhaust fans, are sold at hundreds of retail stores throughout New York.

12. On information and belief, Broan-NuTone has sold thousands of bathroom exhaust fans within New York.

13. On information and belief, Broan-NuTone bathroom exhaust fans are installed in thousands of homes throughout New York.

14. At all material times, Broan-NuTone should have reasonably expected that the wide sale and distribution of residential ventilation products in New York for installation in New York homes would have consequences in New York.

15. Broan-NuTone designed, manufactured, and sold, the subject bathroom exhaust fan, which was installed in and caused damage to the Brooklyn, New York home, that is the subject of this lawsuit.

**FACTS**

16. At all material times, including February 4, 2020, Merrimack Mutual insured the interest of 1458 41 ST LLC (the "Insured") in the property located at 1458 41st Street, Brooklyn, New York (the "Property"), against loss and damage under Policy Number FP 5564862 (the "Policy").

17. The Property is a brick, two-story, fully attached, residential dwelling, that was occupied by the homeowner, his wife, and their ten children.

18. On February 4, 2020, the bathroom exhaust fan located in the ceiling of the second-floor bathroom of the Property caught fire resulting in significant fire, soot, smoke, and water damage to the Property.

19. The said bathroom exhaust fan is a Broan-NuTone product, model QTRN110 (hereinafter the "Broan Exhaust Fan").

20. The Broan Exhaust Fan was designed by Broan-NuTone.

21. The Broan Exhaust Fan was manufactured by Broan-NuTone.

22. The Broan Exhaust Fan was distributed by Broan-NuTone.

23. The Broan Exhaust Fan was not modified or misused after it left Broan-NuTone's control.

24. The Broan Exhaust Fan is designed with a single eutectic-type thermal cutoff ("TCO"), which is intended to open and operate to deenergize the fan motor when it reaches a set temperature in order to prevent the Fan from overheating and causing a fire.

25. The Broan Exhaust Fan overheated and caused the fire because the Broan Exhaust Fan was defective and did not perform as designed.

26. When the Broan Exhaust Fan was examined after the fire, the TCO was found in the closed (electronically continuous) condition.

27. The closed condition of the TCO showed that the TCO failed to operate at its designed operational temperature as seen by the thermal damage on the interior of the motor.

28. The TCO failed to operate due to elemental compositional changes in the fusible material.

29. These compositional changes in the fusible material occur as the TCO and fan motor age.

30. The eutectic-type TCO used in the Broan Exhaust Fan cannot be relied upon to prevent a fire from occurring in a failing motor.

31. The design of the Broan Exhaust Fan does not include any additional or redundant thermal protection.

32. The fire caused by the Broan Exhaust Fan spread to proximate combustible structural materials of the dwelling and throughout the Property, resulting in extensive damage.

33. The fire damage necessitated mitigation and repair of the Property.

34. Merrimack Mutual made total indemnity payments in the amount of $357,566.09 to, or on behalf of, the Insured pursuant to the terms of the Policy for claims of loss arising from the fire.

## COUNT I
## STRICT LIABILITY – DESIGN DEFECT

35. The Defendant placed into the stream of commerce the Broan Exhaust Fan, which as designed posed a substantial likelihood of injury or property damage.

36. The Broan Exhaust Fan was designed with a single eutectic-type TCO, which does not reliably operate due to elemental compositional changes in the fusible material that occur as the TCO and fan motor age.

37. The Broan Exhaust Fan overheated and caught fire due to the failure of the TCO to open and operate to deenergized the motor as designed.

38. The Broan Exhaust Fan's defective design was a substantial factor in causing the fire and damage to the Property.

39. The design of the Broan Exhaust Fan lacked any additional or redundant thermal protection.

40. If the Defendant adopted a design that included additional or redundant thermal protection, it would have reduced the likelihood of an overheating event, fire, and the risk harm.

41. It was feasible for the Defendant to design the Broan Exhaust Fan in a safer manner to include additional or redundant thermal protection.

42. The Plaintiff suffered damage as a result of the fire caused by the defective and unreasonably dangerous Broan Exhaust Fan by virtue of its indemnification of the Insured, the right to which the Plaintiff is subrogated to the extent of its payment.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment against the Defendant and that the Plaintiff be awarded its damages, plus interest, and any other relief that the Court deems just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

Plaintiff,
**MERRIMACK MUTUAL FIRE INSURANCE COMPANY,**
By Its Attorney,

/s/ Liam J. McCarthy

_____
Liam J. McCarthy
Crowley & McCarthy, P.C.
220 Broadway, Suite 405
Lynnfield, MA  01940
(781) 842-7308
lmccarthy@cmpclaw.com

Dated: January 30, 2023